NOT FOR PUBLICATION

# FILED

UNITED STATES COURT OF APPEALS

JAN 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY BURKY, | No.    16-16667 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-08190-DLR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted October 17, 2017
San Francisco, California

Before:  WALLACE, CALLAHAN, and NGUYEN, Circuit Judges.

Rodney Burky ("Burky") timely appeals the district court's decision

affirming the administrative law judge's ("ALJ") denial of his application for

disability insurance benefits and supplemental security income under Titles II and

XVI of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291.

Burky contends that the ALJ's decision is unsupported by substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

evidence in three respects: the ALJ (1) wrongly discounted the medical opinion of Dr. Lisa Parsons, the psychiatrist who treated Burky for about two years; (2) erred in finding that Burky's work as a painter and stone polisher qualified as past relevant work; and (3) improperly discounted Burky's credibility regarding the severity of his symptoms. Reviewing the district court's decision de novo and the ALJ's determination for substantial evidence, *Garrison v. Colvin*, 759 F.3d 995, 1009—10 (9th Cir. 2014), we affirm.[1]

## 1. The ALJ Did Not Err in Discounting Dr. Parsons' Medical Opinion

An examining physician's opinion generally is given greater weight than that of a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). But the task of weighing the medical testimony and resolving conflicts among them belongs to the ALJ. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). So long as the ALJ's decision is rationally supported by the evidence, when examined as a whole, we must uphold the ALJ's determination. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ provided specific and legitimate reasons supported by substantial evidence for discounting Dr. Parsons' opinion. First, the ALJ noted that Dr. Parsons' opinion was inconsistent with the medical evidence in the record and failed to account for Burky's recent improvement. *Batson v. Comm'r of Social*

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2

*Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Second, the ALJ commented that Dr. Parsons' assessment was inconsistent with her own treatment notes. Dr. Parsons' diminished credibility on the cognitive functioning issue spills over into social functioning because her assessment itself has been called into question; taken in this light, the cognitive-social functioning distinction is illusory. Third, the ALJ observed that Dr. Tromp's statements about Burky's social anxiety were tempered by her observation that medication helped Burky cope with his anxiety. The irritability, panic attacks, and agoraphobia from which Burky says he kept suffering were symptoms of conditions that the medication may well have mitigated (and at least for his panic attacks did mitigate). The ALJ further noted that the improvements in Burky's condition and Dr. Tromp's observations reinforced that conflict. Since the ALJ set forth specific and legitimate reasons for its determination, we will leave it intact.

### 2. Burky Could Perform Past Relevant Work

At step four of the sequential evaluation process, the ALJ held that Burky had the residual functional capacity ("RFC") to perform his past relevant work: painting. *See* 20 C.F.R. § 404.1560(b)(1).

The ALJ's determination is based on that: (1) Burky worked as a painter from 2003 through 2005; (2) throughout the 2003-05 period, Burky earned

between $1,178.44 and $1,753.98 per month;[2] and (3) Burky had enough time to learn to be a painter. *See* Dictionary of Occupational Titles 840.381-010. Consequently, the ALJ reasonably concluded that Burky had the RFC to be a painter.

### 3. The ALJ Did Not Err in Finding Burky Not Credible.

When making a credibility determination, the ALJ must engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged, and, if so, with no evidence of malingering; and (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "[A]n ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009).

The ALJ found Burky's narration of his disability less than credible because it conflicted with the profile that emerged from objective medical evidence and Burky's own assertions of his life activities. Burky testified that he suffers from

---

[2] In order for painting as a vocation to constitute substantial gainful employment, the painter must have earned at least $800 per month in 2003, $810 per month in 2004, and $830 per month in 2005.

4

depression, angry mood swings, and "racing thoughts," and that he sheds "tears for no reason at all." Yet Burky's medical record, particularly Dr. Parsons' treatment notes, shows that he consistently is making progress in treatment, sometimes with his medication's help, and that he is visibly improving. The ALJ cited Dr. Tromp's report, which found that Burky's symptoms became less frequent after he began taking medication and that Burky exhibited stable mood, adequate memory, attention, concentration, and frequently acted socially appropriate.

Based on all the medical evidence, the ALJ reasonably found that Burky is able to interact with people one-on-one or in small group settings. This undercuts Burky's testimony that his mood swings cause him to be unable to interact at all with co-workers or supervisors. As the ALJ's determination was based on objective medical evidence, it constitutes sufficient basis for us to uphold the ALJ's denial.

**AFFIRMED**.

5

NGUYEN, Circuit Judge, dissenting:

I respectfully dissent. The ALJ failed to provide specific and legitimate reasons supported by substantial evidence for discounting Dr. Parsons' opinion. In concluding otherwise, the majority makes the same mistake as the ALJ, conflating Burky's cognitive abilities with his limited social functioning.

The ALJ rejected Dr. Parson's opinion on the grounds that it was inconsistent with the medical evidence and her own treatment notes. The record, however, is replete with Dr. Parsons' lengthy observations and assessments as to Burky's limited *social* (as opposed to *cognitive*) functioning, which the ALJ failed to address despite the fact that these findings were corroborated by Dr. Tromp and Burky's testimony.[1] For example, Dr. Parsons noted the following: in June 2012, Burky would suffer panic attacks if he tried to leave his house; in August and October 2012, Burky continued to suffer panic attacks and associated with no friends or organizations; in January, 2013, Burky had not left home for weeks and suffered from continued irritability, panic attacks and agoraphobia. While an ALJ "need not discuss *all* evidence presented," he must "explain why significant

---

[1] The majority, like the ALJ, rely on Dr. Tromp's statement that medication helped Burky's mood symptoms, but ignore Dr. Tromp's ultimate conclusion that "[Burky] would likely have significant anxiety in social settings in general, particularly those with large groups of people."

1

probative evidence has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (internal quotation marks omitted); *see also Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (holding that an ALJ's failure to apply the appropriate factors enumerated in section 404.1527(c) in rejecting the treating physician's opinion "alone constitutes reversible legal error."). Because the ALJ failed to do so here, I would reverse and remand.